IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOSE SANTIAGO,

   Plaintiff,

v.           : Civil Action No. 18-814-RGA

LT. GRAY, et al.,

   Defendants.

**MEMORANDUM**

1. **Introduction.** Plaintiff Jose Santiago was an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, when he filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3 at 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). On November 7, 2018, Plaintiff filed a motion for a temporary restraining order seeking injunctive relief alleging retaliation by Defendant Lt. Gray for commencing this action. (D.I. 16, 17). Defendants oppose the motion. (D.I. 21).

2. **Motion for Injunctive Relief.** A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) (a temporary restraining order continued beyond the time permissible under Rule 65 must

be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet,* 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services,* Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995)).

3. **Background.** Plaintiff alleges that Gray directed another correctional officer to file a false disciplinary report against him. Plaintiff was charged with three violations. (D.I. 16) A disciplinary hearing was held, at which Plaintiff provided documentation against Gray, and was found not guilty of all charges. (*Id.*). Plaintiff seeks an order for Gray to "stop harassing him, writing 'bogus' disciplinary reports on him and to just leave him alone." (D.I. 16). On December 3, 2018, Plaintiff filed a notice of change of address advising the Court that he is now housed at the James T. Vaughn Correctional Center in Smyrna, Delaware. (D.I. 22).

4. In their opposition to Plaintiff's motion, Defendants note that even if the disciplinary report was not valid, there is a proper and effective system in place to ensure allegations are investigated before privileges are suspended or punishment is issued (*i.e.*, before injury occurs). Defendants argue that Plaintiff has not met his burden to prove a threat of immediate irreparable injury.

5. Inasmuch as Plaintiff is no longer housed at the HRYCI, injunctive relief may not issue. "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling*

2

Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985). Because Plaintiff is no longer housed at the same correctional facility as Gray, it is implausible that he will suffer irreparable harm because of speculative retaliation by Gray.

6. In addition, proof of a retaliation claim requires Plaintiff demonstrate that: (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. Carter v. McGrady, 292 F.3d 152, 158 (3d Cir. 2002) (citing Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)); see also Allah v. Seiverling, 229 F.3d 220 (3d Cir. 2000) (a factfinder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights").

7. Considering the evidence submitted, the Court concludes that Plaintiff has not met the requirements for injunctive relief. Upon receipt of a disciplinary report, a hearing was held, Plaintiff presented evidence, and he was found not guilty. Even if the disciplinary report was issued in retaliation for commencing this action (and it is far from clear that it was), Plaintiff has failed to show the likelihood of success on the merits or irreparable harm. Therefore, the Court will deny the motion.

8. **Conclusion**. For the above reasons, the Court will deny the motion for injunctive relief as moot and for Plaintiff's failure to meet the requisites for injunctive relief. (D.I. 16). A separate order shall issue.