IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOSE SANTIAGO, :
       Plaintiff, :
  :
v. : Civil Action No. 18-814-RGA
  :
LT. GRAY, et al., :
       Defendants. :

**MEMORANDUM**

1. **Introduction.** Plaintiff Jose Santiago, was an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, when filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). He is now housed at the James T. Vaughn Correctional Center in Smyrna, Delaware. (D.I. 22). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). On November 7, 2018, Plaintiff filed a motion for injunctive relief alleging retaliation by Defendant Lt. Gray for commencing this action. (D.I. 16, 17). The Court denied the motion. (D.I. 24). On December 31, 2018, Plaintiff filed a second motion for injunctive relief. (D.I. 28). Defendants oppose. (D.I. 31). Plaintiff has also filed two motions to amend the complaint and a request for counsel. (D.I. 27, 35, 37). Defendants move to strike the amended complaint. (D.I. 36)

2. **Motion for Injunctive Relief.** A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the

injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). The elements also apply to temporary restraining orders. *See NutraSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services*, Inc., 287 F. App'x 142, 144 (3d Cir. 2008).

3. **Background**. Plaintiff alleges he has been subjected to retaliation since submitting a grievance on May 1, 2018. (D.I. 28 at ¶ 6). He states that Defendant Lt. Gray threatened him with solitary confinement and that he would make Plaintiff's time in prison hell. (*Id.*). Plaintiff alleges that Gray threatened him with physical action. (*Id.* at ¶ 9). Plaintiff alleges that he requested a transfer to the Sussex Correctional Institute on April 18, 2018 due to a "mold incident and health concerns." (*Id.* at ¶ 10). Plaintiff states that the dorm was "made livable per defendants in May or June of 2018" and that he remained at the HRYCI during this time, all the while being asked to drop his claim. (*Id.*)

4. According to Plaintiff, he was transferred to the VCC on November 16, 2018 for refusing to stop fighting for his constitutional rights. (*Id.* at ¶ 12). The transfer caused Plaintiff to lose his prison job, income, and good time. (*Id.*) Plaintiff also alleges that he purchased many items from the commissary a week prior to his transfer and those items were disposed of without giving Plaintiff an opportunity to mail the items home. (*Id.* at ¶ 13). In addition, Plaintiff claims that his other personal items

2

were taken by the VCC property room "per retaliation by DOC in concert/participation with Lt. Gray" and disposed of or donated to inmates who work in the property room. (*Id.* at ¶ 14).

5. Plaintiff states that on December 4, 2018, he received a classification override and his points were dropped making him eligible for an out-of-state transfer. (*Id.* at ¶ 15). Plaintiff alleges that "[i]t was made clear if [he] continued [his] fight [he] would be transferred out of state." (*Id.*). Plaintiff asks the Court to "intercede." (*Id.* at ¶ 17).

6. Exhibits submitted by Plaintiff indicate that on April 19, 2018, Gray and Defendant Anthony McLellan (misnamed in the Complaint as McMillian) met with Plaintiff regarding a grievance he had submitted complaining of black mold in the shower area and along the ventilation systems. (D.I. 28 at 17). McLellan informed Plaintiff that maintenance would look into the situation and, if there was a mold problem, it would be rectified as soon as possible. (*Id.*) The exhibits include records of the transfer of Plaintiff's property. The forms were signed by several correctional officers, but not by Defendants. (*Id.* at 36). Nor do documents indicate that Defendants had any involvement in the removal of Plaintiff's personal items at the VCC. (*Id.* at 40-41, 43-48).

7. In their opposition to Plaintiff's motion, Defendants provide the affidavit of McLellan who states that neither he, nor Gray, threatened Plaintiff with solitary confinement. (D.I. 32 at Ex. A). McLellan states that despite the fact that Plaintiff's grievance was invalid for failure to follow DOC procedures, he addressed Plaintiff's concerns, and had maintenance investigate the matter. (*Id.*). As a result, the dorms

3

were closed, inmates were moved, and the issues were fixed. (*Id.*). Defendants argue that Plaintiff has not met his burden to prove a threat of immediate irreparable injury.

    8.    "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). Because Plaintiff is no longer housed at the same correctional facility as Gray or McClennan, it is implausible he will suffer irreparable harm because of speculative retaliation by either Defendant when Plaintiff is housed at the VCC.

    9.    In addition, proof of a retaliation claim requires Plaintiff demonstrate that: (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002) (citing *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)); *see also Allah v. Seiverling*, 229 F.3d 220 (3d Cir. 2000) (a factfinder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)).

    10.    Considering the evidence submitted, the Court concludes that Plaintiff has not met the requirements for injunctive relief. There is no evidence that Defendants were involved in Plaintiff's transfer, and there is no evidence that Defendants had any involvement with Plaintiff's personal property either prior to his transfer from the HYRCI or upon his transfer to the VCC. Finally, the parties' position on whether Plaintiff was threatened with solitary are polar opposite and, regardless, there is no evidence that

Plaintiff was ever sent to solitary confinement. Plaintiff has failed to show the likelihood of success on the merits or irreparable harm. Therefore, the Court will deny the motion.

11. **Amendment**. Plaintiff filed a motion for permission to amend and an amended complaint. (D.I. 27, 35). Both are construed as motions to amend. Defendants move to strike the proposed amended complaint. (D.I. 36).

12. Pursuant to D. Del. LR 15.1(b) when seeking to amend, the proposed amended pleading shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. Plaintiff's proposed amended complaint does not indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. In addition, the proposed amendment is confusing and seems to combine issues in this case with another case Plaintiff is involved in, *Nash v. Akinbayo*, Civ. No. 18-677-MN. Plaintiff may not litigate the same issues in two separate cases.

13. Given Plaintiff's failure to comply with this Court's Local Rules and the confusing proposed amendment, Plaintiff's motions for leave to amend (D.I. 27, 35) will be denied without prejudice to renew. Defendants' motion to strike will be dismissed as moot. (D.I. 36). The Court will consider a renewed motion to amend upon Plaintiff's compliance with the local rules of this Court.

14. **Request for Counsel**. Plaintiff requests counsel on the grounds that he is incarcerated and it is impossible for him to obtain sensitive documents and videos

from the Delaware Department of Correction and important and necessary witness testimony because he is incarcerated and he cannot afford counsel. (D.I. 37).

15. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

16. After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. See *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

---

[1] See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

6

17. Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing Plaintiff's complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, Plaintiff has ably represented himself to date. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew. Should the need for counsel arise later, one can be sought at that time.

18. **Conclusion**. For the above reasons, the Court will: (1) deny Plaintiff's motions to amend (D.I. 27, 35) without prejudice to renew; (2) deny Plaintiff's motion for injunctive relief (D.I. 28); (3) dismiss as moot Defendants' motion to strike the proposed amended complaint (D.I. 36); and (4) deny without prejudice to renew Plaintiff's request for counsel (D.I. 37). A separate order shall issue.

*[Signature]*
UNITED STATES DISTRICT JUDGE

May 24, 2019
Wilmington, Delaware

7