IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOSE SANTIAGO, :
:
Plaintiff, :
:
v. : Civil Action No. 18-814-RGA
:
LT. GRAY, et al., :
:
Defendants. :

**MEMORANDUM**

1. **Introduction.** Plaintiff Jose Santiago was an inmate at Howard R. Young Correctional Institution in Wilmington, Delaware, when he filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). He is now housed at Sussex Community Correctional Center in Georgetown, Delaware. (D.I. 69). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). There are several pending requests for counsel as well as discovery motions filed by the parties. (D.I. 48, 53, 54, 59, 69).

2. **Background.** While housed at the HYRCI, Plaintiff submitted a grievance complaining of black mold. (D.I. 3 at 5). He alleges that the next day, Defendants threatened him with solitary confinement if he did not sign off on the grievance. (*Id.*). Plaintiff alleges Defendants denied him due process, prevented him from redressing his grievance, and retaliated against him for submitting the grievance. (*Id.*). Plaintiff sought to amend the complaint on December 17, 2018 and March 6, 2019. (*See* D.I. 27, 35). On May 28, 2019, the motions were denied without prejudice to renew because the proposed amendment was confusing and seemed to combine issues in this case with another case Plaintiff is involved in, *Nash v. Akinbayo*, Civ. No.

18-677-MN. (*See* D.I. 39, 40). Plaintiff was advised that he may not litigate the same issues in two separate cases and, since then, he has not filed a renewed motion to amend. Both parties seek discovery. In addition, Plaintiff has filed several requests for counsel to assist him in this matter and, particularly, to aid in the discovery process.

3. **Discovery**. On May 15, 2019, the Court entered an order for discovery to be completed by September 16, 2019. (D.I. 38). On June 6, 2019, Defendants served discovery requests upon Plaintiff and also filed a motion to depose Plaintiff. (*See* D.I. 41, 44). The motion to depose Plaintiff was granted and the deposition was scheduled for September 11, 2019. (D.I. 45, 46).

4. Plaintiff served discovery requests on Defendants on June 24, 2019. (D.I. 47). On the same day, he also filed a letter expressing concern that his deposition was scheduled without providing him someone to assist him or advise him of his rights. (D.I. 48). Plaintiff also advised that he needs the documents he requested through discovery prior to his deposition. (*Id.*). Plaintiff stated he needs to see "crucial information" from documents to allow him to sufficiently and effectively answer deposition questions. (*Id.*).

5. On August 6, 2019, Defendants filed responses to Plaintiff's discovery requests. (D.I. 52). On August 15, 2019, Plaintiff filed a motion to compel Defendants to produce documents, videos, and internal operating materials to his "assigned counsel." (D.I. 54). Plaintiff states that the discovery is crucial to his case and is unavailable to him under 11 Del. C. § 4322(c) due to his incarcerated status. (*Id.*). The motion to compel does not refer to specific requests. On August 28, 2019, Defendants filed a motion to compel Plaintiff to answer discovery served upon him on

2

June 6, 2019, to which Plaintiff had not responded. (D.I. 59, 60). On August 29, 2019, Defendants vacated the notice of Plaintiff's scheduled deposition. (D.I. 61). On November 15, 2019, the Court extended the discovery deadline to May 15, 2020. (D.I. 66).

6. **Motions to Compel.** "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

7. **Plaintiff's Motions.** Plaintiff's allegations concern his submission of a grievance on April 18, 2019, and alleged retaliatory conduct by Defendants as a result of the grievance. He moves to compel Defendants to respond to all of his discovery requests. (D.I. 48, 54). Plaintiff contends that he must have all documents he requested prior to any depositions. (D.I. 48 at 2; D.I. 64). Defendants answered some of the requests. (See D.I. 52 at 1-6 Interrog. Resp. No. 1; at 6-10 Interrog. Resp. Nos. 1, 2, 3, 4, 16, 17; at 21-28 Document Resp. Nos. 1, 3, 4, 5, 18, 19). For others, Defendants objected, but also answered the requests. (See D.I. 52 at 1-6, Interrog. Resp. Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 14; at 6-10 Interrog. Resp. Nos. 5, 15, 18, 19; at 21-28 Document Resp. No. 6). One discovery request was properly objected to based solely on security concerns. (See D.I. 52 at 21-28 Document Resp. No. 2). Some discovery requests were improperly directed to non-parties. (See D.I. 51 at 11-21). And the remaining discovery requests sought information not related to the instant action that, as discussed above, raises a discrete issue during a discrete time-frame, and/or sought non-discoverable information due to security concerns. (See D.I. 52 at

3

1-6, Interrog. Resp. Nos. 11, 12, 13; at 6-10 Interrog. Resp. Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14; at 21-28 Document Resp. Nos. 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 20, 21, 22, 23, 24, 25, 26). The Court has reviewed Plaintiff's interrogatories and requests for documents as well as Defendants' responses and finds that Defendants' objections are well-taken and responses adequate. Therefore, Plaintiff's requests for documents and motions to compel will be denied. (D.I. 48, 54).

8. **Defendant's Motion**. On August 28, 2019, Defendants filed a motion to compel answers to discovery served upon Plaintiff on June 6, 2019. (D.I. 59). To date, Plaintiff has not responded to Defendant's discovery requests. Defendants served interrogatories and requests for production of documents. (D.I. 41). The Federal Rules of Civil Procedure provide that responding party to whom interrogatories are served, must serve its answers and any objections within 30 days after being served with the interrogatories and for document requests, must respond in writing within 30 days after being served. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). The time has long passed for Plaintiff to respond to the discovery requests. Therefore, Defendants' motion to compel will be granted. (D.I. 59).

9. **Request for Counsel**. Plaintiff requests counsel to on the grounds that he does not want to be deposed without anyone to assist or advise him on how to protect his rights; he is not capable of participating in depositions alone; counsel is necessary to view discovery not available to him due to his status as a prisoner; he is incarcerated; he does not have law library access; witness testimony will be impossible to obtain, and he proceeds *pro se* and is unable to afford legal representation. (D.I. 48, 53, 69).

4

10. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

11. After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

12. Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting

---

[1]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

5

his request for counsel.[2]  After reviewing the Complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. The case concerns the submission of a grievance and alleged retaliation for submitting the grievance.  To date, Plaintiff has ably represented himself.  Also, as discussed above, Plaintiff has been provided all discovery due him.  Finally, expert testimony is not required in this case.  Therefore, the Court will deny Plaintiff's requests for counsel without prejudice to renew.  (D.I. 48, 53, 69).

13.  **Deposition**.  Finally, should Defendants seek to depose Plaintiff, he may not decline on the grounds that he does not have an attorney or because he did not receive all the discovery he requested.  These issues have been addressed and ruled upon.  Plaintiff commenced this action and the Federal Rules of Civil Procedure provide that Defendants may depose him.  See Fed. R. Civ. P. 30.

---

[2] The Court gives Plaintiff the benefit of the doubt that his claim has merit while noting that exhibits submitted relative to a motion for injunctive relief filed in this case indicate Defendants met with Plaintiff regarding a grievance he had submitted complaining of black mold in the shower area and along the ventilation systems; McLellan informed Plaintiff that maintenance would look into the situation and, if there was a mold problem, it would be rectified as soon as possible; and although disputed by Plaintiff, the affidavit of McLennan states that neither he, nor Gray, threatened Plaintiff with solitary confinement.  (D.I. 28 at 17; D.I. 32 at Ex. A).

14. **Conclusion.** For the above reasons, the Court will: (1) deny Plaintiff's motions to compel (D.I. 48, 54); (2) grant Defendants' motion to compel (D.I. 59); and (3) deny without prejudice to renew Plaintiff's requests for counsel (D.I. 48, 53, 69). A separate order shall issue.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

February 20, 2020
Wilmington, Delaware